UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

                                       Case No. 03-80593
                                       Hon. Gerald E. Rosen

WILLIE NORWOOD,

       Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION TO DISMISS FOR SELECTIVE PROSECUTION**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on         August 4, 2006

PRESENT:  Honorable Gerald E. Rosen
                    United States District Judge

## I. INTRODUCTION

Defendant William Norwood is charged in a July 8, 2003 indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Through the present motion, filed on June 13, 2005, Defendant seeks the dismissal of the indictment on the ground of selective prosecution. Specifically, Defendant maintains that the Project Safe Neighborhoods ("PSN") initiative, under which his case was referred for prosecution by federal authorities, is being applied disproportionately to African-Americans from Wayne County. While Defendant presently lacks any evidentiary support for this contention, he argues that he should be provided with discovery regarding the actual

operation of the PSN program in order to ascertain whether this data might provide support for such a claim.

Following several adjournments, primarily due to Defendant's ongoing health concerns, the Court addressed this motion at a hearing on July 10, 2006. In the course of a general discussion of this matter at the July 10 hearing, Defendant requested a written ruling on his motion, and the Court agreed to provide one. For the reasons set forth below, the Court readily concludes that Defendant's motion must be denied.

## II.  ANALYSIS

As noted by the Government in its response to Defendant's motion, this Court recently addressed (and rejected) a virtually identical PSN-based selective prosecution challenge in United States v. Wallace, 389 F. Supp.2d 799 (E.D. Mich. 2005). In that case, the Court observed that a viable claim of impermissible race-based selectivity in a federal prosecutorial policy must rest upon proof of ***both*** discriminatory purpose ***and*** discriminatory effect. See Wallace, 389 F. Supp.2d at 801 (citing United States v. Armstrong, 517 U.S. 456, 465, 116 S. Ct. 1480, 1487 (1996).

In this case, Defendant not only lacks any evidence of a discriminatory purpose behind the PSN initiative, he specifically ***disavows*** any such claim of race-based animus in his motion. Specifically, even assuming that the discovery he seeks would show that the PSN initiative has a disparate impact upon African-Americans who reside in Wayne County, Defendant states that "this Court should not understand Defendant to claim that the motivation for [such] disparate treatment is racial[]." (Defendant's Motion,

Memorandum in Support at 3.)  Thus, Defendant has conceded that he cannot establish one of the necessary elements of a claim of selective prosecution.

In any event, Defendant's current evidence of discriminatory *effect* does not meet the standard necessary to justify the PSN-related discovery sought in his motion.  Again, this Court observed in Wallace that such discovery is warranted only if a defendant produces "some evidence of differential treatment of similarly situated members of other races or protected classes."  Wallace, 389 F. Supp.2d at 801 (quoting Armstrong, 517 U.S. at 470, 116 S. Ct. at 1489).  Here, as in Wallace, Defendant has provided only a listing of federal firearms cases currently pending in this District that originated in state court, with this list indicating that the substantial majority of the defendants in these cases are African-American.  Yet, as explained in Wallace, such a listing does not (and cannot) establish that there are *any,* much less a statistically significant number of, similarly-situated non-African-American individuals who could have been referred for federal prosecution under the PSN initiative but were not.  See Wallace, 389 F. Supp.2d at 802.

It follows that Defendant has not established his claim of selective prosecution.  Neither has he made a threshold showing that might provide a basis for compelling the Government to produce discovery on this issue.  Rather, the Court adheres to its prior ruling in Wallace under a virtually identical record.

3

### III.  CONCLUSION

For the reasons set forth above,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant's June 13, 2005 Motion to Dismiss is DENIED.

         s/Gerald E. Rosen
         Gerald E. Rosen
         United States District Judge

Dated:  August 4, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 4, 2006, by electronic and/or ordinary mail.

        s/V. Sims for LaShawn R. Saulsberry
        Case Manager